UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMON WILLIAMS,<br><br>*Defendant.* | CASE NO. 3:22-cr-00008<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This case comes to the Court on Defendant Damon Williams' pro se motion to reduce his sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. Concluding that he is ineligible for a sentence reduction, the Court will deny his motion.

## BACKGROUND[1]

In October 2021, Defendant and another individual broke into a home, woke up a sleeping resident, forced the resident downstairs at gunpoint, tied him up, and robbed his home. Dkt. 66. Both Defendant and his companion were armed during the robbery. *Id.*

Defendant was subsequently charged with conspiracy to commit Hobbs Act Robbery (Count 1), Hobbs Act Robbery (Count 2), and use of a firearm in the commission of a Hobbs Act Robbery (Count 3). Dkt. 3. Defendant opted against going to trial; instead, he pled guilty to Count 2 of the indictment. Dkt. 81 ¶ 2. And as a part of his plea agreement, the Government agreed to dismiss the conspiracy and firearm counts—i.e., Counts One and Three, respectively. Dkt. 64 at 3.

---

[1] The following is partially derived from the parties' agreed statement of facts. Dkt. 66. The Court notes that Defendant "stipulate[d] that the … Statement of Facts is true and accurate." *Id.* at 2.

Relevant to his Sentencing Guidelines calculation, the parties also stipulated that Defendant's base offense level for Count 2 was 20, that Defendant would receive a five-level sentence enhancement for use of a firearm, and that Defendant would receive a two-level enhancement for physically restraining the victim. *Id.* Equally important, Probation determined that Defendant had a total criminal history score of zero, resulting in a criminal history category of I. Dkt. 81 ¶¶ 31–32.

The Court ultimately accepted the parties' plea agreement and imposed a sentence of 51 months. Dkt. 90. Defendant is currently incarcerated at FCI Butler, and his release date is set for November 25, 2025.

## ANALYSIS

In his motion, Defendant requests that the Court reduce his sentence because he "is a non-violent drug offender and completely eligible for the 821 amendment Part B." Dkt. 95 at 3. The Court, however, will deny his request, concluding that he is neither a "non-violent drug offender" nor eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines.

### I. Amendment 821

Amendment 821 made two major changes to the United States Sentencing Guidelines. In Part A to Amendment 821, the Sentencing Commission limited the impact of "status points"— i.e., criminal history points assigned to defendants for committing an offense while under a criminal justice sentence—on a defendant's criminal history calculation. For defendants sentenced before the amendment, Part A instructs courts: (1) to remove one status point for individuals with seven or more criminal history points and (2) to eliminate status points for those with six or less criminal history points. *See* USSG § 4A1.1(e). The result is the retention of status

points for only those criminal defendants who have particularly lengthy criminal histories. Specifically, defendants with seven or more criminal history points will receive one status point if they commit an offense while under an existing criminal justice sentence.[2] USSG § 4A1.1(e).

Meanwhile, Part B to Amendment 821 provides a mechanism for certain zero-point offenders—i.e., criminal defendants with no criminal history points—to obtain a two-level reduction of their offense level. *Id.* § 4C1.1. However, to be eligible for this reduction, zero-point offenders must satisfy several enumerated criteria. *Id.* §§ 4C1.1(a)(1)–(a)(10). Relevant here, defendants who used "credible threats of violence in connection with the[ir] offense" or "possess[ed] … a firearm or other dangerous weapon … in connection with the offense" are barred from an offense level reduction. *See Id.* §§ 4C1.1(a)(3), 4C1.1(a)(7).

Significantly, the United States Sentencing Commission has announced that the changes made by Part A and Part B of Amendment 821 apply retroactively. *Id.* §§ 1B1.10(a)(1), 1B1.10(d). Accordingly, the Court "*may* reduce [a] defendant's term of imprisonment" in accordance with the Amendment. *Id.* § 1B1.10(a)(1) (emphasis added).

II.     **Application of Amendment 821 to Defendant's Case**

Defendant is not eligible for a sentence reduction under either Part A or Part B of Amendment 821. Turning first to Part A, Defendant is clearly ineligible. He did not commit his October 2021 offense while under a criminal justice sentence, and as a result, at sentencing, he did not receive any status points. Dkt. 81 at 9. Because there are no status points for the Court to remove, Defendant cannot take advantage of Part A.

---

[2] For comparison, previously, a criminal defendant received two status points if they committed an offense while under a criminal justice sentence, without regard to the number of criminal history points the defendant otherwise received. *See* USSG § 4A1.1(d) (1987).

Likewise, Defendant is ineligible for Part B of Amendment 821. True, Defendant has a criminal history score of zero, thereby satisfying one of Part B's prerequisites to relief. *Id.*; *see* USSG § 4C1.1(a)(1). But satisfying *one* prerequisite is not enough; Defendant must satisfy "*all* of [Part B's] … criteria." *Id.* § 4C1.1(a) (emphasis added). And he cannot do so. By pleading guilty to Hobbs Act Robbery, Defendant admitted that he unlawfully took the property of another "by means of actual and threatened force, *violence*, and fear of injury." Dkt. 3 (emphasis added); *see also* Dkt. 64. Moreover, he previously acknowledged that he not only possessed a firearm during his October 2021 offense but also utilized that firearm—and the implicit threat of physical harm which followed from its presence—to obtain compliance from the victim. Dkt. 66. Accordingly, Defendant cannot satisfy either USSG § 4C1.1(a)(3) (prohibiting the use of "violence or credible threats of violence in connection with the offense") or USSG § 4C1.1(a)(7) (prohibiting the possession of a firearm)—two preconditions to accessing relief under Amendment 821, Part B. It follows that Defendant does not qualify for an offense-level reduction.

Defendant's arguments to the contrary miss the mark. In his pro se response, Defendant—for the first time—contends that he did not possess a firearm during his criminal conduct. Dkt. 107 at 3. In support of this contention, he claims that the Government did not indict or convict him of firearm charges, asserting that "if they was [sic] so sure [he possessed a weapon], they would have indicted him."[3] *Id.* at 2–3.

---

[3] Defendant also takes aim at his original sentence, contending that his "attorney allowed the Court to unconstitutionally [sic] enhance [his] sentence by … allowing the Court to wrongfully apply the five point offense level enhancement" for use of a firearm during a felony. Dkt. 107 at 3. Notwithstanding that he acknowledged his use of a firearm in both his plea agreement and signed statement of facts, Dkt. 64 at 3; Dkt. 66, to the extent Defendant is seeking to collaterally attack his sentence, an Amendment 821 motion is the wrong vehicle. *See Dillon v. United States*, 560 U.S. 817, 831 (2010).

This argument, however, ignores the fact that the Government *did* indict him of a firearm offense—specifically, the use of a firearm in the commission of a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. 3. In fact, the Government only agreed to dismiss that charge as a part of Defendant's plea agreement—an agreement in which he "stipulate[d]" that a "use of a firearm" sentence enhancement was applicable to his conduct. Dkt. 64 at 2–3.

Of course, even if the Court was to take him at his word and find that he did not possess a firearm, Amendment 821 relief would still be foreclosed to him. By pleading guilty to Hobbs Act Robbery, he necessarily acknowledged the use "of actual or threatened force, or violence, or fear of injury" in connection with his offense. 18 U.S.C. § 1951(b)(1). Consequently, USSG § 4C1.1(a)(3) (prohibiting the use of "violence or credible threats of violence in connection with the offense") would still preclude him from a sentence reduction. At bottom, Defendant is not eligible for relief under Part A or Part B of Amendment 821.

## CONCLUSION

For the above reasons, Defendants' motion to reduce sentence pursuant to Amendment 821 is hereby **DENIED**. Dkt. 95.

It is so **ORDERED**.

Entered this 16th day of February, 2024.

The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE